JOHN C. LADD *vs.* JOHN S. PATTEN *et al.*

Penobscot, 1875.—August 8, 1876.

*Contract. Words,—to find help.*

A contract to pay a stipulated price for removing pianos, by the piece, and "to find help" to aid in the removal, does not make the owner liable for the use of an apparatus, invented, made and used by the contractor to facilitate the work of removal; although the use of such apparatus may have saved the owner the necessity of a considerable portion of the help he agreed to find. An agreement to find help in such case, is an agreement to furnish manual labor, not to pay for the use of such an implement.

ON REPORT.

ASSUMPSIT, for removing pianos in the city of Bangor, under a contract by which the plaintiff was to move the pianos and the defendant to find help and to pay 75 cents each.

The account annexed contained about 1,200 items for moving pianos and organs covering a period from February 4, 1869, to June 13, 1873.

The case was sent to an auditor who reported that exclusive of two items there was due from the defendants to the plaintiff at the date of the writ the sum of $673.25. The defendants were defaulted for that amount, with leave on the part of the plaintiff to have the default taken off and the case stand for trial if in the opinion of the court upon the plaintiff's testimony he is entitled to more.

The plaintiff claimed pay for two items not covered by the auditor's report; 1st. Interest at 6 per cent to July 1, 1873, $121.74. 2nd. Use of piano rigging from August 13, 1870, in moving 451 pianos, 50 cents each, $225.50.

The plaintiff testified in substance, that he procured certain rigging, trucks, and a harness of his own invention, to be used by

men, by which the pianos could be moved more easily in and out
of houses and up and down stairs; that he thereby saved to the
defendants, the cost and labor of one or two men in moving each
piano; that he had several conversations in regard to the adjust-
ment of the account before the commencement of the action.

*F. A. Wilson & C. F. Woodard,* for the plaintiff.

*F. M. Laughton,* for the defendants.

DICKERSON, J. By agreement of counsel at the hearing before
the auditor, the items in the plaintiff's account for use of piano
rigging and for interest were reserved from the consideration of
the auditor and to be reported for adjudication by the court.

The auditor found that, exclusive of these items, there was due
from the defendants to the plaintiff $673.25, for which sum a default
was entered, and the case was reported; the default to be taken off
if upon the plaintiff's testimony, he is entitled to more in the opin-
ion of the law court, and the case to stand for trial.

The plaintiff was a truckman and the defendants were dealers
in pianos; and all the charges in the plaintiff's writ, except those
reserved for the determination of the court, were for removing
pianos and organs.

The auditor reported that the contract between the parties was
that all the pianos within city limits should be moved for seventy-
five cents a piece. The evidence shows that the defendants agreed
to "find help" for removing the pianos, and that they did so in sev-
eral instances. In such cases the defendants either paid the assist-
ants directly, or they were paid by the plaintiff who charged the
several sums to the defendants.

By the defendants' agreement "to find help" they were bound
to furnish such manual labor on request as the plaintiff might
reasonably need in addition to his own services in order to accom-
plish the work of removal. If they had refused to do so, the
plaintiff had the alternative of abandoning the contract, or employ-
ing the necessary help for its fulfillment and charging the amount
paid therefor to the defendant.

The evidence does not show that the defendants neglected or
refused to find help when requested to do so; nor is there now

any controversy between the parties as to the amount paid for help by the plaintiff. The charge in the writ that we are called upon to consider is "for use of piano rigging." It appears in evidence that in order to facilitate the work of removal the plaintiff invented, made and used an apparatus which cost about $25. For the use of this apparatus he has charged fifty cents in each instance, amounting in all to $225.50. The testimony shows that the use of "the piano rigging" saved considerable manual labor— the witnesses differing somewhat in their estimate of the amount thus saved.

We do not think that the plaintiff is entitled to recover upon this item in his account. The agreement was to find help, that is, manual labor. There was no agreement express or implied to pay for the use of apparatus of any kind ; no mention was made of the piano rigging. The testimony shows that the defendants had a contrivance of their own which they used to advantage for the same purpose. It is reasonable to suppose that they would have made provision for the use of their own implement, if they had contemplated that they would be liable for the use of any such gear. The damages for failing "to find help" are direct and easy to be ascertained ; they are what it reasonably cost the plaintiff "to find the help" himself. On the contrary, the method of ascertaining the value of the use of the piano rigging is indirect and secondary ; involving, in the first place, the cost of the help the defendants were required to furnish, and then the amount saved by the use of the apparatus. The use of the piano rigging was made at the plaintiff's own motion and risk, and entirely outside of the contract ; the minds of the parties never met in any agreement express or implied, to pay for its use ; and there is no implication of law arising from the facts in this case that renders the defendants liable therefor.

The elements necessary to entitle the plaintiff to interest on the items in his account are wanting. There was no agreement to pay interest, nor was there any demand of payment, or what would be equivalent thereto. *Default to stand.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.